UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHAMEEKA STEPHENS-JONES,

          Plaintiff,

    v.

SHIRLEY ANN SUMMERS, MANUEL
GONZALEZ, BOWMAN SALES AND
EQUIPMENT, INC., AND J.B. HUNT
TRANSPORT, INC.,

          Defendants.

**MEMORANDUM & ORDER**
25-CV-04768 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Shameeka Stephens-Jones commenced this action in the Kings County Supreme Court on May 29, 2025, seeking damages for injuries arising out of a motor vehicle collision. *See* ECF No. 1.[1] In August, Defendants removed to this Court. Plaintiff now moves to remand this case back to state court. *See* ECF No. 10.

For the reasons that follow, Plaintiff's motion is GRANTED.

## BACKGROUND

The instant motion depends, almost entirely, on the procedural history of this case, and, specifically, on the service of the Verified Bill of Particulars on two of the four Defendants. As previewed above, Plaintiff commenced the instant action by filing a Summons and Complaint in accordance with New York Civil Practice Law and Rules (the "CPLR") § 304, in state court on May 29, 2025. *See* ECF No. 1-2 (the "Summons & Complaint"); ECF No. 10-5 at 3.

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

Defendants received notice of the action, before service of the Summons & Complaint, pursuant to CPLR §§ 304 and 305.  Defendants Manuel Gonzalez and J.B. Hunt Transport, Inc. (the "Removing Defendants") then filed a Demand for a Verified Bill of Particulars on June 3, 2025, *see* ECF No. 12-4, and filed their Answer on June 6, 2025.  *See* ECF Nos. 10-6, 10-7.  The Verified Bill of Particulars was served on Defendants on June 18, 2025.  *See* ECF No. 10-1 at 2; ECF No. 20-1 at 49.  On July 1, 2025, Defendant J.B. Hunt was served with the Summons and Verified Complaint, and Defendant Gonzalez was served with the same a little over a week later, pursuant to CPLR § 306-b which allows for "[s]ervice of the summons and complaint . . . [to] be made within one hundred twenty days after the commencement of the action or proceeding." ECF No. 10-1 at 2; CPLR § 306-b.  On August 19, 2025, Mr. Gonzalez and J.B. Hunt filed a Notice of Removal (the "Notice").  *See* ECF No. 1.  The Notice purported to remove the case to the Southern District of New York on the basis of 28 U.S.C. §§ 1332 and 1441, but the same day, Judge Oetken transferred the case to this District, *see* ECF No. 4, and it was assigned to the undersigned on August 27, 2025, *see* ECF No. 5.

Shortly after this case was assigned to this Court, Plaintiff moved to remand the case back to Kings County Supreme Court.  *See* ECF No. 10 ("Motion to Remand").  Removing Defendants filed their opposition to Plaintiff's motion on September 30, 2025.  *See* ECF No. 12 ("Opposition").  Plaintiff filed her reply a few weeks later.  *See* ECF No. 14.

In their submissions, Plaintiff and Removing Defendants dispute the operative date of the Verified Bill of Particulars for purposes of the removal clock.  Plaintiff claims the document was served on Removing Defendants on June 18, 2025.  *See generally* ECF Nos. 10-1; 14-1. Removing Defendants, for their part, frame the argument in terms of receipt, claiming they did not receive the document until August 5, 2025, *see generally* ECF No. 12.  Neither party

supported their arguments.  Regardless, as will be explained below, the relevant question here is the date of service, not of receipt.

Initially, Plaintiff attempted to support her assertion that Mr. Gonzalez and J.B. Hunt Transport, Inc. were served with a copy of the Verified Bill of Particulars on June 18, 2025, by including a declaration from Plaintiff's counsel stating, *inter alia*, that "[Mr.] Gonzalez and J.B. Hunt Transport, Inc. were served with responses to their demand for [a] Bill of Particulars" on or about June 18, 2025.  *See* ECF No. 10-1 ¶ 6.  Her submission, notably, did not attach an affirmation or other sworn statement that memorialized service of the Verified Bill of Particulars on Removing Defendants.  *See generally id.*

Removing Defendants' assertion also lacked significant support.  While it found some support *vis-à-vis* their letter to Plaintiff's counsel, dated July 17, 2025, in which Removing Defendants indicate that "[they] have not received responses to [their] Demand for a Bill of Particulars or Combined Discovery Demand which were served along with [their] Verified Answer on June 5, 2025," this alone did not show when the Verified Bill of Particulars was served.  ECF No. 12-5 at 2.

Accordingly, on March 12, 2026, the Court issued an Order to Show Cause, directing Plaintiff to provide the Court with a copy of the Affirmation of Service for the Verified Bill of Particulars, and directing Removing Defendants to provide the Court with documents to support their assertion that they did not receive the Verified Bill of Particulars until August 5, 2025.  *See* Mar. 12, 2026, Text Order.  On March 16, 2026, the parties filed their respective responses.  *See* ECF Nos. 18, 20.

3

## **LEGAL STANDARD**

Removal from state court to federal court is available for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil matters where the parties are "citizens of different States" and the amount in controversy "exceeds the sum or value of $75,000."  28 U.S.C. §1332(a)(1).  To remove a civil action, a defendant must file "[t]he notice of removal . . . within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).

In general, "[t]he running of the thirty day removal period is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise."  *Montoya v. New York State United Teachers*, 754 F. Supp. 2d 466, 470 (E.D.N.Y. 2010).  Where it is unclear from the complaint if the case is removable based on diversity jurisdiction, "the time for removal runs from the service of the first paper stating on its face the amount of damages sought."  *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 35 (2d Cir. 2010).

Where removal is challenged, the removing party "bears the burden of showing that federal jurisdiction is proper."  *Montefiore Med. Ctr., v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).  In general, "federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991).

4

**DISCUSSION**

Neither party disputes that Plaintiff's Complaint did not specify the amount of damages sought on its face. *See generally* ECF No. 1-2. It is similarly undisputed that the proverbial removal clock did not begin to run upon service of the Complaint. Rather, it began to run when Plaintiff served the Verified Bill of Particulars, *i.e.*, "the first paper stating on its face the amount of damages sought," *Moltner*, 624 F.3d at 35, which indicates special damages totaling $200,000, *see* ECF No. 1-4 ¶ 30. At issue here is, primarily, a question of timing. As discussed above, the 30-day removal clock starts ticking "by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise." *Montoya*, 754 F. Supp. 2d at 470. And, when the complaint is unclear as to whether the case is eligible for removal, the clock starts ticking at "the *service* of the first paper stating on its face the amount of damages sought." *Moltner*, 624 F.3d at 35 (emphasis added). Here, the crux of the dispute is when, exactly, Plaintiff served, not when Removing Defendants received, the Verified Bill of Particulars.

## I.    Receipt of the Verified Bill of Particulars is Unclear

Plaintiff argues the document was served on Removing Defendants on June 18, 2025, and that removal is therefore untimely as well as being procedurally defective for removing to the incorrect District. ECF No. 10-2 at 5–6.[2] Removing Defendants see it differently. They assert, notwithstanding the June 17, 2025, date on the Verified Bill of Particulars or Plaintiff's assertion that it was served on June 18, 2025, that it was not until August 5, 2025, that they received the document and, therefore, not until August that they received notice that this case involved an amount in controversy that exceeded the $75,000 threshold. *See* ECF No. 1 at ¶ 10. Removing

---

[2]    Plaintiff also challenges Removing Defendants' designation of the Southern District of New York in their notice of removal as improper and grounds for remand. *See* ECF No. 10-2 at 5–7. This argument is moot, in light of Judge Oetken's August 19, 2025, Order transferring this case to this District. *See* ECF No. 5.

Defendants' argument, though, focuses on the wrong side of the coin:  the date of *receipt* is not what is relevant here, but rather the date of *service*.  *See Moltner*, 624 F.3d at 35.

Initially, both parties' arguments were unsupported.  However, their submissions in response to the Court's March 12, 2026, Order to Show Cause resolve the confusing chronology. Plaintiffs have provided the Court with a copy of the Affirmation of Service for the Verified Bill of Particulars (the "Affirmation").  ECF No. 20-1.  The Affirmation states that an individual over 18 years of age, who is not a party to the action, and resides in New York, served the Verified Bill of Particulars, among other documents, on Removing Defendants' counsel "by placing [the documents] in a sealed, postage-paid envelope in an official depository of the United States Postal Service within the State of New York, addressed to the last known address of [counsel's law offices]."  *Id.* at 49.  Plaintiff has also provided a copy of a letter to Removing Defendants' counsel, dated June 18, 2025, that was included with the documents.  *Id.* at 1.

Removing Defendants, for their part, submitted the correspondence from Plaintiff's counsel in response to their July 17, 2025, letter.  *See* ECF No. 18-1 at 2.  That correspondence, transmitted on August 4, 2025, indicates that Removing Defendants received a digital copy of the Verified Bill of Particulars on August 4, 2025.  *See id.*  Notably, the correspondence directs Removing Defendants' counsel to "[p]lease see attached [Verified Bill of Particulars] that was mailed out."  *Id.*

Simply put, the parties still dispute when Removing Defendants received the Verified Bill of Particulars, but their views on the dates of receipt are immaterial.  The relevant question—the one on which the Court's inquiry turns—is the time of "the *service* of the first paper stating on its face the amount of damages sought."  *Moltner*, 624 F.3d at 35 (emphasis added).  On this point, the parties' submissions are clear:  the Affirmation states that the Verified

6

Bill of Particulars and other documents were served on June 18, 2025. ECF No. 20-1 at 49.

Consequently, the Court's inquiry must then turn on whether Plaintiff's service of the Verified

Bill of Particulars was proper.

## II.    Service of the Verified Bill of Particulars is Clear

Service, as relevant here, is governed by New York state law. *See Forte v. Lutheran Augustana Extended Care and Rehab. Ctr.*, No. 09-cv-2358, 2009 WL 4722325 at *3 (E.D.N.Y. Dec. 9, 2009) ("The propriety of service is determined under New York law because Plaintiff served process on Defendants prior to removal of the action to this Court."). Specifically, Section 2103 of the CPLR states that service upon an attorney shall be made "by mailing the paper to the attorney at the address designated by that attorney for that purpose or, if none is designated, at the attorney's last known address; service by mail shall be complete *upon* mailing." N.Y. C.P.L.R. § 2103 (emphasis added).

Here, Plaintiffs did exactly that. The Affirmation states, unequivocally, that the Verified Bill of Particulars was mailed to "the last known address" of counsel on June 18, 2025, ECF No. 20-1 at 49, and the address provided in the Affirmation matches the address provided in the correspondence from Removing Defendants, *see* ECF No. 18-1 at 2. On these facts, the Court concludes that the Verified Bill of Particulars was properly served on Removing Defendants' counsel on June 18, 2025.

Recall that, when removal is challenged, the removing party—here, the Removing Defendants—"bear[] the burden of showing that federal jurisdiction is proper," *Montefiore Med. Ctr.*, 642 F.3d at 32, and that courts "resolv[e] any doubts against removability." *Somlyo*, 932 F.2d at 1045–46. Even if service of the Verified Bill of Particulars was subject to doubt, Removing Defendants fail to carry their burden. Removing Defendants do not challenge that the

Verified Bill of Particulars was sent to the incorrect address, that the Affirmation is deficient, or even that service is improper. Absent any arguments to the contrary, there is no doubt. Accordingly, the Court finds that Plaintiff properly served Removing Defendants with the Verified Bill of Particulars on June 18, 2025, and the 30-day period for removal started that same day. Accordingly, Removing Defendant's notice of removal, ECF No. 1, was untimely. *See* 28 U.S.C. § 1446(b)(1).

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand this case, ECF No. 10, is GRANTED. The Court remands this case to the New York Supreme Court, Kings County. The Clerk of Court is respectfully directed to mail a copy of this Order to the Clerk of the Kings County Supreme Court (Index No. 517573/2025), and to close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       April 2, 2026

8